<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIE J. WHITE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 14-4103 (JBS) |
| | : | |
| v. | : | |
| | : | |
| HAMILTON TWP POLICE DEP'T, | : | **OPINION** |
| et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

Willie J. White, *Pro Se*
222031
Gerard L. Gormley Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge**

Plaintiff, Willie J. White, confined at the Gormley Justice Facility, Mays Landing, New Jersey, submitted a civil Complaint alleging violations of his constitutional rights and an application to proceed *in forma pauperis* ("IFP") (Docket Item 1). Plaintiff also submitted a Memorandum in support of a temporary restraining order and preliminary injunction (Docket Item 7). Based on the submissions, the Court will grant Plaintiff's IFP application pursuant to 28

U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim, and Plaintiff's request for emergent relief dismissed as moot.

## **BACKGROUND**

Plaintiff seeks to sue the Hamilton Township Police Department, the Pleasantville Police Department, the Atlantic County Prosecutor's Office and the County of Atlantic "Grand Jury Council." (Complt., p. 1). He asserts that summonses and arrest warrants were issued by these defendants without probable cause and in absence of proper procedures, in violation of the Fourth Amendment. (Complt., ¶¶ 1-9).

In addition, Plaintiff asserts that the bail issued against him, $500,000.00, was excessive. (Complt., ¶ 10). He argues that his high bail is due to the false warrants. (Complt., ¶ 11). He also contends that his appointed public defender is ineffective in defending him against the falsified charges. (Complt., ¶ 14). Plaintiff was not

taken to court for a probable cause hearing in June of 2014, and now is "just sitting in jail custody at a stand still on a $500,000 bail, because the police departments and the prosecutor's office want to hold over [his] head falsified charges." (Complt., ¶ 14).

Plaintiff asks for monetary relief, appointment of effective counsel, and an investigation into his case. (Complt., pp. 3, 4).

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**3.   Plaintiff's Complaint Must Be Dismissed.**

   A.   Abstention and Prematurity

To the extent Plaintiff's Complaint seeks this Court's intervention in his state prosecution, such intervention is unwarranted under the doctrine of abstention. The doctrine has developed since *Younger v. Harris*, 401 U.S. 37 (1971), and it "espoused a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "*Younger* abstention," as that teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions

in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992), *cert. dismissed*, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *See id.; see also Gonzalez v. Waterfront Comm'n of the N.Y. Harbor*, 755 F.3d 176, (3d Cir. 2014) ("In *Younger*, the Supreme Court held that, absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, "particularly ... when the moving party has an adequate remedy" in state court.).

In this case, it is clear that as Plaintiff is in the pretrial phase, he has the opportunity to raise his claims during the course of his criminal proceeding. Further, if Plaintiff is convicted of these charges, he may not return to this action to challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Nor can he seek monetary relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, Plaintiff's challenge to any pending criminal charges arising out of the alleged facts must

be dismissed without prejudice for failure to state a claim.

    B.   <u>Excessive Bail</u>

The Eighth Amendment of the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against excessive bail is applicable to the states through the due process clause of the Fourteenth Amendment. *See Sistrunk v. Lyons*, 646 F.2d 64, 70 (3d Cir. 1981).

In order to prevail on his excessive bail claim, Plaintiff must demonstrate that (1) bail was excessive in light of the valid state interests sought to be protected and (2) the defendants actually and proximately caused bail to be excessive. *See McKnight v. Taylor*, No. 12-1684, 2012 WL 5880331, at *7 (D.N.J. Nov.20, 2012) (dismissing excessive claim for failure to allege that bail was constitutionally excessive or that defendants caused it to be so); *Moore v. Carteret Police Dep't*, No. 13-943, 2013 WL 5554411, at *8 (D.N.J. Sept. 20, 2013) (same). The Supreme Court has held that:

> The only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be "excessive" in light of the perceived evil. Of course, to determine whether the Government's response is excessive, we must compare that response against the interest the Government seeks to protect by means of that response.

*United States v. Salerno*, 481 U.S. 739, 754 (1987). In other words, whether bail is excessive can only be evaluated properly through the lens of the interests the State sought to protect by imposing such bail.

Here, Plaintiff submits no evidence concerning the state court judge's decision-making process, the factors he or she considered in making the bail determination, nor any evidence of the State interests the judge took into account. Without this evidence in the record, the Court cannot evaluate whether or not Plaintiff's bail was excessive. *See Galen v. County of Los Angeles*, 477 F.3d 652, 661 (9th Cir. 2007) ("We must disagree, however, with the district court's conclusion that as a matter of law Galen's '[b]ail was not excessive,' ... for the very same reason: There is no evidentiary basis in the record to conclude one way or the other whether Galen's bail was 'excessive' under ... the Constitution.").

The excessive bail assertion must be dismissed, without prejudice.

C.   Immune Defendant

Finally, Plaintiff's claims against the Atlantic County Prosecutor's Office are dismissable. At the outset, the Prosecutor's Office is not a person amenable to suit under § 1983. *See Gordon v. Berkeley Twp. Police*, No. 10-5061, 2011 WL 2580473, at *4 (D.N.J. June 27, 2011) (holding that a "Prosecutor's Office" is not a "person"

within the meaning of a section 1983 suit) (citations omitted).

Additionally, Defendant "Atlantic County Prosecutor's Office" is immune from suit under the Eleventh Amendment. Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (per curiam) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). In determining whether immunity applies, a court examines: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 1978 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659). The United States Court of Appeals for the Third Circuit has noted that '"[w]hen [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State." *Woodyard*, 514 F. App'x at 192 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). Here, in addition to the deficiencies concerning Plaintiff's claims, this Defendant is also an immune defendant.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. The request for a temporary restraining order or preliminary

injunction is also dismissed. An appropriate Order follows.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court

Dated:  **August 25, 2014**