IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE J. WHITE,<br><br>           Plaintiff,<br><br>     v.<br><br>HAMILTON TWP POLICE DEP'T, et al.,<br><br>           Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-4103 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

WILLIE J. WHITE, Plaintiff Pro Se
#222031
Gerard L. Gormley Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

Plaintiff, Willie J. White, confined at the Gormley Justice Facility, Mays Landing, New Jersey, submitted a civil complaint, alleging violations of his constitutional rights, and an application to proceed in forma pauperis ("IFP"). (Docket Entry 1). By Order and Opinion dated August 26, 2014, this Court granted IFP status and filed the complaint, but dismissed the complaint without prejudice for failure to state a claim. (Docket Entries 8 and 9). Plaintiff seeks to amend his complaint by adding new defendants. (Docket Entry 10). As Plaintiff has

not attached a copy of his proposed amended complaint and does

not state how the new defendants injured him, his request must

be denied.

**II. BACKGROUND**

Plaintiff sought to sue the Hamilton Township Police

Department, the Pleasantville Police Department, the Atlantic

County Prosecutor's Office and the County of Atlantic "Grand

Jury Council." (Docket Entry 1 ¶ 1). He asserted that summonses

and arrest warrants were issued by these defendants without

probable cause and in absence of proper procedures, in violation

of the Fourth Amendment. (Docket Entry 1 ¶¶ 1-9). In addition,

Plaintiff asserted that the bail issued against him,

$500,000.00, was excessive. (Docket Entry 1 ¶ 10). He argued

that his high bail was due to the false warrants. (Docket Entry

1 ¶ 11). He also contended that his appointed public defender

was ineffective in defending him against the falsified charges.

(Docket Entry 1 ¶ 14). Plaintiff was not taken to court for a

probable cause hearing in June of 2014, and now is "just sitting

in jail custody at a stand still on a $500,000 bail, because the

police departments and the prosecutor's office want to hold over

[his] head falsified charges." (Docket Entry 1 ¶ 14).

The Court reviewed Plaintiff's complaint pursuant to 28

U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Docket Entry 8). The

Court noted that the complaint sought unwarranted intervention

in his state prosecution that was barred by the doctrine of abstention, and informed Plaintiff that there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The Court further informed Plaintiff that if he were convicted of the pending charges, "he may not return to this action to challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application." (Docket Entry 9 at 6 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

The Court went on to determine that the complaint failed to set forth sufficient facts regarding Plaintiff's claim of excessive bail in accordance with *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court further notified Plaintiff that his claims against the Atlantic County Prosecutor's Office had to be dismissed as it was immune from suit under the Eleventh Amendment. (Docket Entry 8 at 7-9). The Court dismissed the complaint for failure to state a claim, 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)), but permitted Plaintiff to file a motion to reopen this case, within forty-five days. (Docket Entry 9).

3

Case 1:14-cv-04103-JBS-AMD   Document 14   Filed 07/23/15   Page 4 of 5 PageID: 64

On September 9, 2014, Plaintiff submitted a letter to the Court indicating he wanted to add nine additional defendants to his complaint. (Docket Entry 10). The letter did not indicate how each proposed defendant was involved in the case, nor did he attach a proposed amendment complaint as instructed by the Court. (*See* Docket Entry 9). On November 5, 2014, Plaintiff sent another letter to the Court with the same names, but no amended complaint. (Docket Entry 12). Plaintiff sent another letter on July 16, 2015 inquiring into the status of his case and asking to add three more defendants to his case. (Docket Entry 13).[1]

## III. DISCUSSION

Plaintiff seeks to amend his complaint by adding twelve new defendants. Even broadly construing his letters to this Court as motions to amend his complaint, Plaintiff has failed to comply with the Court's previous order by failing to attach a proposed amended complaint that cures the deficiencies of the original. *See* Local Civ. R. 7.1(f); (Docket Entry 9). Furthermore, his lists of names fail to indicate how each proposed defendant personally violated his constitutional rights.[2] While pro se

---

[1] Plaintiff's July 16, 2015 letter indicates he mailed additional letters on June 8 and 18, 2015 to the Court, however there is no indication on the docket that the Court received those letters. (Docket Entry 13).

[2] The Court further notes that several of the proposed defendants are prosecutors with the Atlantic County Prosecutor's Office. As the Court stated in its previous Opinion, "[w]hen [New Jersey] county prosecutors engage in classic law enforcement and

pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As Plaintiff has not complied with the Court's previous order and has not alleged sufficient facts to state a claim, his motion to amend his complaint is denied. Plaintiff may move to amend his complaint within thirty days of this order. Any motion to amend his complaint must include a proposed amended complaint addressing the deficiencies of the original as noted in this Court's August 26, 2014 Opinion and Order. (Docket Entries 8 and 9).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint is denied. An accompanying Order will be entered.

July 23, 2015
Date

s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief U.S. District Judge

---

investigative functions, they act as officers of the State.'" *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)) (alterations in original); *see also* Docket Entry 8 at 9. They are generally entitled to Eleventh Amendment immunity, subject to a few exceptions.

5